## Sherwood Estate.

Submitted April 16, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Davis R. Hobbs,* for appellant.

*Roy A. Gardner,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 4, 1963:

Effie E. Sherwood died February 15, 1960. Her will was executed on December 9, 1954. The bequest which we are asked to interpret, is:

"I give, devise and bequeath unto my grandson, George W. Sherwood, Jr., one twenty-fourth of my estate and to Helen S. Sherwood, widow of George W. Sherwood, *if she remains at the time of my death his widow,*\*one twenty-fourth share of my estate. *If Helen S. Sherwood shall have remarried by the time of my death,* then and in that case, I give the said one twenty-fourth share unto my remaining five children to be divided among them equally."

When Mrs. Sherwood made her will, her son, George W. Sherwood, was deceased and was survived by his widow, Helen S. Sherwood, the appellant herein, and by his son, George W. Sherwood, Jr. After the execution of the will Helen S. Sherwood remarried,\*\* but eight months later was divorced.

---

\* Italics throughout, ours.

\*\* Helen S. Sherwood, the widow of George W. Sherwood, married Joseph M. Bannon. She was divorced from him in Wyoming County, Pa. The record in the divorce action shows that she did not pursue the Act of May 25, 1939, P. L. 192, as amended, 23 P.S. §98, in order to "resume her maiden name or her prior name"; nor does the appearance docket show any other proceeding for change of name.

136

At the audit of the account of testatrix's executor, Helen S. Sherwood claimed one twenty-fourth of the estate under the aforesaid testamentary bequest. She contended that despite the fact that she had "remarried" after the execution of the will and prior to testatrix's death, she was nevertheless unmarried and therefore was the "widow" of George W. Sherwood at the time of testatrix's death. From the Decree of the Orphans' Court, which dismissed her claim, she took this appeal.

Appellant contends that in the above quoted two sentences of the will testatrix created only one condition precedent—that appellant should "remain at the time of [testatrix's] death [George's] widow." The fact that appellant was divorced before testatrix's death, cannot be tortured into meaning that she *"remained* George's widow at the time of [testatrix's] death," nor can it obliterate testatrix's clearly expressed language and intent that if appellant *"shall have remarried by the time of my death,* then in that case, I give the said one twenty-fourth share unto my remaining five children . . . ." Appellant's contentions are utterly devoid of merit.

Decree affirmed; costs to be paid by appellant.